IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ROBERT JEFFERSON § | |
| § | |
| v. § | CIVIL ACTION NO. 6:21-cv-00262 |
| § | |
| MILTON SANTAMARIA AND § | |
| WERNER ENTERPRISES, INC. § | JURY REQUESTED |

## COMPLAINT AND JURY DEMAND

Plaintiff, Robert Jefferson ("Plaintiff"), files this Complaint and Jury Demand, complaining of Defendants Milton Santamaria and Werner Enterprises, Inc. ("Defendants"), and would show as follows:

### I.   PARTIES

1. Plaintiff, Robert Jefferson, is an individual residing in Tensas Parish, Louisiana.

2. Defendant, Milton Santamaria ("Santamaria"), is an individual residing in Miami, Florida, and may be served with citation at his usual place of abode at 1869 SW 5TH St., Miami, Florida 33135, or wherever he may be found.

3. Defendant, Werner Enterprises, Inc. ("Werner"), is a foreign for-profit corporation registered to conduct business in the State of Texas and may be served with citation through its registered agent of service, Corporate Creations Network Inc., at 5444 Westheimer St., #1000, Houston, Texas 77056.

4. Pursuant to Tex. R. Civ. P. 28, Plaintiff expressly invokes the right to have the true name(s) of the parties substituted at a later time upon the motion of any party or of the Court.

### II.   JURISDICTION AND VENUE

5. Plaintiff is and was a resident of the State of Louisiana at all times relevant to this case.

6.  Defendant Santamaria is and was a resident of the State of Florida at all times relevant to this case.

7.  Defendant Werner is incorporated under the laws of Nebraska and has its principal place of business in Nebraska.

8.  This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

9.  Defendant Werner purposefully availed itself to business dealings in the State of Texas and could reasonably expect to respond to complaints therein. Defendant Werner's purposeful availment of the benefit and protection of the laws of Texas is sufficient to support proper exercise of personal jurisdiction over Defendant Werner.

10. At the time of the subject incident, Defendant Santamaria was driving in the territory of the State of Texas to perform his employment duties. Defendant Santamaria's purposeful availment of the benefit and protection of the laws of Texas is sufficient to support proper exercise of personal jurisdiction over Defendant Santamaria.

11. Venue is proper in the Western District of Texas, Waco Division, because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

### III.   FACTS

1.  On or about April 23, 2019, at approximately 2:30 p.m., Plaintiff Robert Jefferson was parked in a truck stop in Fairfield, Texas. Defendant Milton Santamaria, in a Peterbilt tractor truck, was parked in the same truck stop. Defendant Santamaria, while operating his tractor truck in reverse, crashed into Plaintiff's tractor truck.

2. As a result of the subject collision, Plaintiff has suffered serious and lasting injuries and damages.

3. Upon information and belief, at the time of the subject crash, Defendant Santamaria was in the scope and course of his employment for Defendant Werner.

4. Upon information and belief, Defendant Werner owned the Peterbilt tractor truck operated by Defendant Santamaria at the time of the subject crash.

## IV.    CLAIMS AGAINST DEFENDANTS

**Defendant Milton Santamaria**

### A. NEGLIGENCE

5. Defendant Santamaria had a duty to exercise ordinary care in carrying out his responsibilities as the operator of a motor vehicle.

6. Defendant breached that duty of care in numerous ways including, but not limited to the following:

   a. Failing to maintain a proper lookout;

   b. Failing to control the speed of his vehicle;

   c. Failing to brake or timely brake;

   d. Failing to steer to avoid the collision; and

   e. Otherwise failing to operate his vehicle reasonably and prudently.

7. Each of the foregoing acts and/or omissions of Defendant Santamaria, singularly or in combination, constitute negligence and were the proximate cause of Plaintiff's injuries and damages.

### B. NEGLIGENCE *PER SE*

8. All allegations herein are incorporated by reference.

9.  Defendant Santamaria's actions and omissions constitute negligence *per se* as Defendant Santamaria violated Tex. Transp. Code Ann. §545.351(b) by failing to control the speed of his vehicle as necessary to avoid colliding with another vehicle.

10. Defendant Santamaria's actions and omissions constitute negligence *per se* as Defendant Santamaria violated Tex. Transp. Code Ann. §545.401 by driving his vehicle in willful or wanton disregard for the safety of persons or property.

11. Tex. Transp. Code Ann. §§545.351 and 545.401 are statutes designed to protect drivers, passengers, and pedestrians from negligent and reckless drivers. Plaintiff is of the class of persons that Tex. Transp. Code Ann. §§545.351(b) and 545.401 were designed to protect, and his injuries and damages are the type these statutes were designed to prevent.

12. Defendant Santamaria's unexcused violations of Tex. Transp. Code Ann. §§545.351(b) and 545.401 proximately caused Plaintiff's injuries and damages.

**Defendant Werner Enterprises, Inc.**

   C. **RESPONDEAT SUPERIOR**

13. Pursuant to Texas common law, Plaintiffs state that at the time of the occurrence that forms the basis of this lawsuit, Milton Santamaria was acting as an agent, servant, representative and/or employee of Werner Enterprises, Inc. and was acting withing the course and scope of his authority as such at the time of the incident. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendant Werner Enterprises, Inc., and it should be held vicariously responsible for the acts and omissions of its agents and/or employees and/or servants.

V.    **DAMAGES**

14. As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained severe injuries and brings this suit for the following damages which resulted from the collision:

      a.      Past and future medical expenses;

      b.      Past and future physical pain, suffering, and mental anguish;

      c.      Past and future physical impairment;

      d.      Past and future physical disfigurement; and

      e.      Past and future loss of earnings and loss of earning capacity.

## VI.    PRAYER

15.    For the above-mentioned reasons, Plaintiff, Robert Jefferson, respectfully requests that the Court issue citation commanding Defendants Milton Santamaria and Defendant Werner Enterprises, Inc. to appear and answer, and that Plaintiff has judgement against Defendants for actual damages; pre-judgment and post-judgment interest; costs of court; and any further relief to which Plaintiff may justly be entitled.

[*Signature on next page*]

Respectfully submitted,

**SORRELS LAW**

*/s/ Randall O. Sorrels*
Randall O. Sorrels
Texas Bar No. 10000000
Fed ID 11115
800 Commerce Street
Houston, Texas 77002
(713) 226-5152
Randy@SorrelsLaw.com

***Attorney for Plaintiff***